IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM PEPKE, | ) |
| Plaintiff, | ) 2:23-CV-2089 |
| v. | ) |
| MANOR HOUSE KITCHENS, INC., | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

### J. Nicholas Ranjan, United States District Judge

Plaintiff William Pepke was 60 years old when his former employer, Defendant Manor House Kitchens, Inc., laid him off from his job as a lead installer in its granite installation department.[1] Mr. Pepke alleges that Manor House did so because of his age. In support, he points to various statements he claims Manor House's president, Jeffrey Backus—the individual responsible for making the termination decision—made: (1) on Mr. Pepke's 60th birthday in February 2023; (2) during Mr. Pepke's annual review meeting with Mr. Backus in late July 2023; and (3) during an August 7, 2023, meeting with Mr. Backus, when Mr. Backus laid him off. Based on these events, Mr. Pepke alleges violations of the Age Discrimination in Employment Act (ADEA) (Count I) and the Pennsylvania Human Relations Act (PHRA) (Count II). ECF 1.

Manor House now moves for summary judgment on both counts. ECF 30. It disputes that Mr. Backus made many of those statements. Nonetheless, acknowledging that reasonable inferences are to be drawn in the nonmovant's favor, it argues that Mr. Pepke can't make out a claim of age-related employment

---

[1] The Court primarily writes for the parties' benefit, who are familiar with the factual and procedural background and record evidence of this case. It therefore sets forth only the necessary facts.

discrimination. Manor House contends that its layoff decision was due to legitimate nondiscriminatory factors communicated to Mr. Pepke during the August 7, 2023, meeting, including: (1) a decrease in revenue from granite installations; (2) a slump in overall sales from 2021 to 2023; (3) lighter work schedules for granite installation; and (4) Mr. Pepke's then-status as the granite installation department's highest-paid employee (and its only employee receiving a monthly vehicle allowance). Manor House also presents several other indicia of non-discrimination, including that it (1) laid off eight other employees in 2023, ranging in age from 32 to 62; and (2) recalled two employees from layoff in 2024, both within the protected age classification, and one of whom is older than Mr. Pepke.

After careful consideration, the Court will deny Manor House's motion. A reasonable jury could view some of Mr. Backus's alleged statements as sufficient direct evidence that but-for Mr. Backus's age, Manor House wouldn't have laid him off. That's all Mr. Pepke needs right now.

## **DISCUSSION**[2]

The ADEA prohibits employers from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).[3] "To succeed on an ADEA claim, a plaintiff must establish, by a

---

[2] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At summary judgment, the Court must ask whether the evidence presents "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). In making this determination, "all reasonable inferences from the record must be drawn in favor of the nonmoving party and the court may not weigh the evidence or assess credibility." *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016) (cleaned up).

[3] Under the PHRA, an employer may not "bar or . . . discharge from employment" an employee because of their age. *See* 43 Pa. Cons. Stat. § 955(a). The Court addresses

preponderance of the evidence, that age was the 'but-for' cause of the adverse employment action." *Willis v. UPMC Child.'s Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78 (2009)). Age need not be the ***only*** but-for cause; it is enough for age to be "a determinative factor in the adverse employment decision." *Gress v. Temple Univ. Health Sys.*, 784 F. App'x 100, 105 (3d Cir. 2019) (cleaned up).

"A plaintiff can meet this burden (1) by presenting direct evidence of discrimination . . . , or (2) by presenting indirect evidence of discrimination that satisfies the familiar three-step framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 . . . (1973)." *Fasold v. Just.*, 409 F.3d 178, 184 (3d Cir. 2005).

Mr. Pepke argues that he has evidence of both. After considering the record evidence and arguments of the parties, the Court agrees that there is sufficient direct evidence to survive summary judgment.[4]

"Direct evidence must be sufficient on its own to allow a factfinder to determine that age was the but-for cause of the termination decision." *Palmer v. Britton Indus., Inc.*, 662 F. App'x 147, 150 (3d Cir. 2016). In other words, "[d]irect evidence of discrimination would be evidence which, if believed, would prove the existence of the fact in issue without inference or presumption." *Mitchell v. Univ. of Pittsburgh*, No. 22-2876, 2023 WL 8596653, at *2 (3d Cir. Dec. 12, 2023) (cleaned up).

---

Mr. Pepke's ADEA and PHRA claims together because the analysis is identical between them. *Willis*, 808 F.3d at 643.

[4] Because Mr. Pepke provides sufficient direct evidence to survive summary judgment, the Court need not and does not examine whether he has sufficient circumstantial evidence under the *McDonnell Douglas* framework. *See Torre v. Casio, Inc.*, 42 F.3d 825, 829 n.3 (3d Cir. 1994) ("When direct evidence is offered to prove that an employer discriminated, the shifting-burden analysis of *McDonnell Douglas* . . . is inapplicable and the case proceeds as an ordinary civil suit.").

"Direct evidence may take the form of a workplace policy that is discriminatory on its face, or statements by decision makers that reflect the alleged animus and bear squarely on the adverse employment decision." *Garcia v. Newtown Twp.*, 483 F. App'x 697, 704 (3d Cir. 2012). But it "does not include stray remarks that are made in a context unrelated to the employment decision, particularly if they are remote in time." *Id.*; *see also Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 269 (3d Cir. 2010) ("[T]he evidence must be connected to the decision being challenged by the plaintiff. Specifically, any statements made by a defendant's employees must be made at a time proximate to the challenged decision and by a person closely linked to that decision." (cleaned up)).

Mr. Pepke offers Mr. Backus's statements during the July 2023, annual review and the August 7, 2023, termination meeting as direct evidence of age discrimination. ECF 34, pp. 11-12. The Court finds that, at a minimum, the statements made at the termination meeting are direct evidence of age discrimination. For example, at the August 7, 2023, meeting, Mr. Backus allegedly said that "[Mr. Pepke is] over 60 years old and that [Mr. Backus is] keeping the younger guys working[,]" and that "the younger employees . . . are the future of the company[.]" ECF 35-3, pp. 2-3. These statements "told [Mr. Pepke] ***unambiguously*** that [Mr. Backus] viewed him as a less desirable employee because of his age." *Fakete v. Aetna, Inc.*, 308 F.3d 335, 339-40 (3d Cir. 2002) (emphasis added) (statement that employer was "'looking for younger single people' and that, as a consequence, [the plaintiff] 'wouldn't be happy [at the employer] in the future'" was direct evidence of age discrimination sufficient to survive summary judgment).[5] A reasonable jury could conclude from this record

---

[5] To be clear, *Fakete* was decided under the less-burdensome *Price Waterhouse* substantial-factor standard, not the current *Gross* but-for standard. But the Court still finds it instructive given the Third Circuit's conclusion that "a reasonable jury could find that [the decisionmaker's] statement was a clear, direct warning to [the plaintiff] that he was too old to work for [the decisionmaker] and that he would be

that these remarks by the decisionmaker at a termination meeting are direct evidence of age discrimination and that age discrimination was the but-for cause of Mr. Pepke's layoff.

Manor House makes both a factual and legal argument in response—neither of which is ultimately persuasive. Regarding its factual argument, it argues that the context of some of the statements suggest that there were several economic factors that served as legitimate nondiscriminatory reasons for Mr. Pepke's termination. ECF 31, p. 11. That inference would be one against Mr. Pepke, and would wade into credibility issues, and so is a non-starter.

Regarding its legal argument, Manor House mainly relies on *Kelly v. Moser, Patterson & Sheridan, LLP*, 348 F. App'x 746 (3d Cir. 2009), and *Palmer v. Britton Industries, Inc.*, 662 F. App'x 147 (3d Cir. 2016) to argue that age-related statements, when interspersed with statements about cost, are not actionable. Those cases, though, are factually distinguishable.[6] ECF 31, p. 11-12.

Ultimately, a jury may agree with Manor House's version of events. After all, the Third Circuit has described a plaintiff's burden to present direct evidence as a

---

fired soon if he did not leave [the employer] on his own initiative." *Fakete*, 308 F.3d at 339. That's not just a holding that the jury could consider the statements a substantial factor in the employer's decision to terminate the plaintiff; it's a comment on the clarity of the statement as it relates to termination. A different burden wouldn't change the nature of the statement.

[6] For example, while Mr. Backus discussed the financials of Manor House with Mr. Pepke during his termination meeting, not all of his statements related to costs. Like the cases that the Third Circuit distinguished in *Palmer*, those non-cost-related statements "directly link[] the protected characteristic to the employment decision"— they don't require inference or presumption as the alleged discriminatory statements at issue in *Kelly* and *Palmer* did. *Palmer*, 662 F. App'x at 151. Further still, unlike the plaintiffs in *Kelly* and *Palmer*, Mr. Pepke doesn't concede that these cost considerations backstopped the termination decision. ECF 40, pp. 55:21-56:8, 61:15-23, 132:10-19. These cases are therefore inapt.

"high hurdle." *Palmer*, 662 F. App'x at 150 (cleaned up). But the Court finds that, at least at this stage, Mr. Pepke has cleared it.

*   *   *

**AND NOW**, this 30th day of August, 2024, for the foregoing reasons it is hereby **ORDERED** that Defendant's motion for summary judgment (ECF 30) is **DENIED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge