IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM PEPKE, | ) |
| Plaintiff, | ) 2:23-CV-2089 |
| v. | ) |
| MANOR HOUSE KITCHENS, INC., | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Before the Court are motions in limine filed by Plaintiff William Pepke (ECF 48) and Defendant Manor House Kitchens, Inc. (ECF 46). The Court issues this omnibus order resolving the motions as follows.

**I.   Mr. Pepke's motion in limine to preclude testimony or evidence regarding the layoff of other employees (ECF 48).**

The motion is **DENIED**. Mr. Pepke seeks to preclude Manor House from entering testimony or evidence regarding the layoff of approximately eight[1] other employees in 2023. He argues that such testimony or evidence is irrelevant and even if it is relevant, any probative value is substantially outweighed by the danger of misleading the jury, confusing the issues, and unfair prejudice. The Court disagrees.

Mr. Pepke accuses Manor House, by way of his supervisor Mr. Backus, of discriminating against him based on his age. Manor House counters that it laid Mr. Pepke off as part of a reduction in force in response to economic factors. So Manor House's treatment of other employees is probative as to the legitimacy of its reduction-in-force explanation for Mr. Pepke's layoff.

This evidence is further relevant to Manor House's defense that it recalled from layoff two employees who were over 40 years of age in early 2024, including one older

---

[1] Mr. Pepke argues that there are nine other individuals whom Manor House laid off in 2023. Manor House says there are eight.

than Mr. Pepke.  "While not conclusive, an employer's favorable treatment of other members of a protected class can create an inference that the employer lacks discriminatory intent."  *Ansell v. Green Acres Cont. Co.*, 347 F.3d 515, 524 (3d Cir. 2003).  As a result, evidence that other employees were "treated favorably rather than unfavorably provides no basis to challenge the relevancy" of the evidence.  *Id.*  For similar reasons, evidence that a younger employee was part of the layoff (and thus treated unfavorably) is relevant, too.  Moreover, the relevance of the evidence isn't attenuated.  The layoffs of these other employees occurred during the same year Manor House laid off Mr. Pepke, and Manor House represents that Mr. Backus had the ultimate authority in deciding whether to lay off these individuals.

Nor does the Court find that the probative value of this evidence is substantially outweighed by the dangers of misleading the jury, confusing the issues, or unfair prejudice.  Mr. Pepke's citation to mostly out-of-circuit caselaw doesn't convince the Court otherwise.  For one, the Third Circuit hasn't categorically excluded that type of evidence.  *See, e.g.*, *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1215 (3d Cir. 1995) (admission of evidence of former employees who believed they were mistreated because of age not basis for new trial).  And more importantly, the animating concerns in those other cases are not present here.  For example, unlike those other cases, there's no real threat of a series of confusing mini-trials here over whether any particular employee was discriminated against on the basis of age.  Rather, as reflected in the trial exhibits, the evidence of the other eight employees will come in in broader strokes as part of the alleged layoff and recall of other employees in a reduction-in-force event.  And to the extent that Mr. Pepke argues that those employees were not part of the RIF or not similarly situated to him, then those are issues for cross-examination, not exclusion of the evidence.

Mr. Pepke's motion is therefore denied.

**II.   Manor House's motion in limine to preclude evidence relating to Mr. Backus's directive to not discuss wages (ECF 46).**

The motion is **DENIED**.  Manor House seeks to preclude evidence, testimony, or argument that Mr. Backus told his employees that they couldn't discuss their wages amongst each other.  It argues that this evidence, testimony, or argument is irrelevant, and if there is any relevancy it is outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  The Court disagrees.

The Court can envision several ways that this evidence could be relevant, including on the question of whether Manor House's reason for laying Mr. Pepke off is pretextual.  But in any event, Mr. Pepke has indicated that he intends to elicit this testimony only to explain, if asked, why he doesn't know whether he was the highest paid employee in Manor House's granite installation department.  In the Court's view, it would be more prejudicial to Mr. Pepke to preclude him from offering that answer.  Mr. Pepke worked for Manor House for twenty years.  As Mr. Pepke suggests, it would strain Mr. Pepke's credibility with the jury and make him look evasive were he unable to explain why he didn't know this.  Given Mr. Pepke's proffer, Manor House can simply avoid this issue altogether if it doesn't ask Mr. Pepke about his knowledge regarding wages.[2]

Manor House's motion is therefore denied.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

[2] To the extent Mr. Pepke seeks to introduce evidence about this affirmatively, he must raise this with the Court at the final pretrial conference.