# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM PEPKE, | ) |
|         Plaintiff, | ) 2:23-CV-2089 |
| v. | ) |
| MANOR HOUSE KITCHENS, INC., | ) |
|         Defendant. | ) |

## MEMORANDUM ORDER

After a three-day jury trial and jury verdict for Plaintiff William Pepke on all claims, the Court entered a judgment in his favor in the amount of $79,148.50. ECF 80. Mr. Pepke now moves to recover his attorneys' fees, as he may do under the ADEA and PHRA. ECF 81; *see* 29 U.S.C. § 626(b) (incorporating 29 U.S.C. § 216(b)) (ADEA mandatory); 43 P.S. § 962(c.2) (PHRA discretionary). The motion is now fully briefed and ready for disposition. ECF 82, 84, 85. After careful review, the Court **GRANTS** Mr. Pepke's motion, and awards his attorneys' fees and costs, with certain reductions.

"This Court recently set forth the standard for a party seeking attorneys' fees: The party seeking attorney's fees has the burden to prove its request is reasonable. To that end, the petitioner must submit evidence supporting the hours worked and the rates claimed. Once the party opposing the fees raises objections, the district court has a great deal of discretion to adjust the fee award in light of those objections. The most critical factor is the degree of success obtained. The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Once the court determines the reasonable hourly rate, it multiplies that rate by the reasonable hours expended to obtain the lodestar." *Kengerski v. Cnty. of Allegheny*,

No. 17-1048, 2023 WL 3688222, at *1 (W.D. Pa. May 26, 2023) (Ranjan, J.) (cleaned up).

In response to Mr. Pepke's motion, Manor House challenges: (1) the reasonableness of Mr. Pepke's counsel's hourly rates; (2) recovery for travel time; (3) recovery for duplicative time; (4) recovery for administrative or clerical tasks; and (5) recovery for excessive time. ECF 84. After careful consideration, the Court will strike time entries pertaining to travel time, and make reductions for time entries covering administrative or clerical tasks, or excessive time. It will otherwise **GRANT** Mr. Pepke's motion and overrule Manor House's objections.

I.   **Attorney Winebrake's and Attorney Gottesfeld's hourly rates are reasonable.**

Mr. Pepke's counsel seek hourly rates of $600 per hour for Attorney Winebrake, who has 33 years of experience, and $400 per hour for Attorney Gottesfeld, who has 15 years of experience. These rates are supported by affidavits of several Pittsburgh-based employment-rights lawyers, ECF 81-2, 81-3, 81-4, and fall below the fee schedule established by the Philadelphia-based Community Legal Services, Inc. (CLS), which the Third Circuit has cited approvingly to and which this Court has referred to in resolving prior fee petitions. *See, e.g.*, *Kengerski*, 2023 WL 3688222, at *2; *Turkovich v. Sally Beauty Supply LLC*, No. 20-694, 2021 WL 767629, at *1 (W.D. Pa. Feb. 26, 2021) (Ranjan, J.). Mr. Pepke contends that these rates are also supported by recent decisions within this district, including *McDonnell v. KRG Kings LLC*, No. 20-01060, 2024 WL 4197932, at *1 (W.D. Pa. Sept. 16, 2024) (Wiegand, J.), where Judge Wiegand awarded Attorney Gottesfeld his requested $400 hourly rate.

Manor House proposes a modest haircut to each rate. It argues that counsel's use of the Philadelphia-based CLS schedule as a starting point is unreasonable for a Pittsburgh-based case, and that *McDonnell*, a more complex case litigated over a

longer period, is factually inapposite. It doesn't provide any affidavits or similar evidence of its own to contest the rates.

The Court finds that the requested rates are reasonable. Even if the Court were to discount the CLS rates and *McDonnell*, the Court is satisfied that the requested rates are adequately supported by record evidence and align with Mr. Pepke's attorneys' experience and skill. The Court will therefore use the requested rates in its lodestar calculation.

## II.     Travel time isn't compensable.

Mr. Pepke requests reimbursement for 50% of the time Attorneys Winebrake and Gottesfeld spent travelling to Pittsburgh for this case. Manor House argues that this time isn't compensable at all. The Court agrees with Manor House.

The Third Circuit has explained that "under normal circumstances, a party that hires counsel from outside the forum of the litigation may not be compensated for travel time, travel costs, or the costs of local counsel." *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 312 (3d Cir. 2008) (citation omitted). The only exception is "where forum counsel are unwilling to represent [the] plaintiff[.]" *Id.* (citation omitted). Mr. Pepke hasn't made any such showing, so his attorneys' travel time isn't recoverable. *See id.* (vacating and remanding to determine whether local counsel was unwilling to represent plaintiff and, "[i]f not, [ordering travel costs and expenses] should be stricken from the judgment").

Mr. Pepke's arguments don't persuade the Court otherwise. The cases he cites that permitted reimbursement concern recovery for travel by in-district attorneys, not out-of-district attorneys like Attorneys Winebrake and Gottesfeld. *See Haisley v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 08-1463, 2011 WL 4565494 (W.D. Pa. Sept. 29, 2011) (Conti, J.) (Pittsburgh-based counsel); *Steward v. Sears, Roebuck & Co.*, No. 02-8921, 2008 WL 1899995, at *6 (E.D. Pa. Apr. 29, 2008) (Philadelphia-area counsel); *see also United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 136

& n.8 (3d Cir. 2018) (affirming rejection of recovery for all travel time and distinguishing between precedent for in-district and out-of-district attorneys). Likewise, while the Court appreciates that Mr. Pepke's 50% reduction equates to travel time like that for the furthest in-district attorneys, it is constrained under Third Circuit precedent to reject even this reduced rate. *See Palmer*, 897 F.3d at 136, 138 (despite request for 50% reduction in travel time, noting district court "properly adhered to our binding legal precedent and disallowed any travel time").

The Court will therefore deduct $8,900.00 (19.55 hours at $400/hour; 2.7 hours at $600/hour) in attorneys' fees that are allocable to travel time.[1,2]

### III. A reduction for "duplicative" time isn't warranted.

Manor House argues that time billed by both Attorneys Winebrake and Gottesfeld for meetings and discussions together should be reduced by eliminating Mr. Gottesfeld's entries. The Court disagrees.

"A reduction for duplication is warranted only if the attorneys are ***unreasonably*** doing the ***same*** work." *Rode v. Dellarciprete*, 892 F.2d 1177, 1187 (3d Cir. 1990) (cleaned up). And the time marked as "duplicative" by Manor House doesn't represent "unreasonable" duplication by Attorneys Winebrake and Gottesfeld. Instead, as the Court observed during the life of this case, the attorneys worked as a team, including at trial, where each took substantive roles. The time

---

[1] Mr. Pepke doesn't seek to recover travel costs. ECF 82, p. 13.

[2] There are three time entries in those isolated by Manor House where Attorneys Winebrake and Gottesfeld traveled together ***and*** used the time to discuss case strategy or otherwise worked on case-related tasks: (1) an October 1, 2024, entry for a drive to Pittsburgh for the pre-trial conference; (2) an October 2, 2024, entry for the return trip; and (3) an October 7, 2024, entry for travel to the trial. ECF 84-1, pp. 4-5. That time may be compensable, but the Court can't determine based on the block billing how much time was spent on something other than just travel (at most, the entries provide that the attorneys performed billable work "for a large portion of the drive" or "a lot"). *Id.* The Court thus strikes that time, as well.

spent was clearly worthwhile, given the jury verdict for Mr. Pepke. Moreover, Manor House was represented by two attorneys, as well, which is customary for most trials. So the Court declines to strike these entries as duplicative. *See Hollobaugh v. Roberts*, No. 21-69, 2022 WL 16927713, at *2 n.3 (W.D. Pa. Nov. 14, 2022) (Ranjan, J.) ("[T]he Court finds it to be appropriate for Plaintiff's counsel to confer with his law partners as part of the trial preparation, and does not find that multiple billed entries here in connection with that consultation to be duplicative or unnecessary.").

## IV.   The Court will reduce time for administrative or clerical tasks.

Manor House seeks a reduction of 24 hours, encompassing 42 time entries, for what it deems administrative or clerical work. Mr. Pepke disagrees with Manor House's characterization of many of the entries as purely administrative or clerical, and argues that any time expended on clerical tasks was minimal and necessary for the successful prosecution of his case.

Some courts "have awarded attorneys'[] fees at both full and reduced rates for non-legal or administrative tasks[,]" *see Witkowski v. Int'l Bhd. of Boilermakers, Iron Shipbuilders, Loc. Union 154*, No. 06-874, 2010 WL 1433104, at *11 (W.D. Pa. Apr. 7, 2010) (Conti, J.) (collecting cases) (reducing time for excessive administrative tasks), while others "regularly disallow attorney fees for administrative and clerical tasks which could otherwise be performed by support staff, including, inter alia, filing documents, preparing service packets, and completing or reviewing pro hac vice paperwork." *Taormina v. Heritage Env't Servs., Inc.*, No. 16-1791, 2017 WL 3912353, at *6 (W.D. Pa. Sept. 5, 2017) (Kelly, M.J.) (collecting cases) (cleaned up) (striking paralegal time entries for clerical tasks). But, as a general rule, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989).

It appears to the Court that the best approach is to strike any purely clerical tasks, but not categorically exclude administrative tasks that would normally be

performed by junior lawyers or paralegals. The Court views as the touchstone the reasonableness of the total dollar amount for tasks that a paying client would be billed for. To that end, without more detail in the time entry description, the Court will exclude time for scanning and printing documents, and reduce time spent updating, organizing, or reviewing the case management system and "Filevine." *See Clemens v. New York Cent. Mut. Fire Ins. Co.*, 903 F.3d 396, 401 (3d Cir. 2018) (noting entries for "File maintenance," "File management," and "Document management," "appear[ed] purely clerical in nature and should not be billed at a lawyer's rate").

With this background, after careful review of those time entries singled out by Manor House as purely administrative or clerical, the Court will deduct $1,940.00 (3.8 hours at $400/hour; 0.7 hours at $600/hour). A detailed breakdown is included at Appendix A.

V.   **The Court will reduce some time as "excessive."**

Lastly, Manor House seeks a 50% reduction for "excessive" time entries related to drafting and revising the complaint, responding to written discovery requests, and preparing the motion for attorneys' fees. Manor House argues that a 50% reduction is appropriate because counsel is experienced in employment law, the discovery was "routine[,]" and the case "was not particularly complex and did not involve any novel issues of law[.]" ECF 84, pp. 7-8. The Court agrees, but only in part.

First, the Court agrees with Manor House that the 6.9 hours billed to the complaint was excessive in view of its length and complexity ("two counts, four pages, and 24 numbered paragraphs[,]" ECF 84, p. 7), especially considering Mr. Pepke's counsel's experience in employment-law litigation. The complaint appears like a form complaint, similar to one filed by Attorneys Winebrake and Gottesfeld in a 2018 ADEA and PHRA case in this District. *See* Complaint, *Shay v. Mcclymonds Supply & Transit Co., Inc.*, No. 2:18-01651 (W.D. Pa. Dec. 12, 2018), ECF 1. In fact, only 11 paragraphs in Mr. Pepke's complaint are tailored to the facts of his case. ECF 1. Mr.

Gottesfeld was right, of course, to spend time researching the current landscape of ADEA and PHRA cases before filing the complaint here. And there is nothing wrong in using a prior form complaint in drafting a new one. Still, for the above reasons, a reduction is warranted. The Court will therefore reduce the total time spent from 6.9 hours to 5 hours, for a total deduction of $760.00 (1.9 hours at $400/hr). *See, e.g.*, *Zablotney v. Windber Hosp., Inc.*, No. 22-0032, 2024 WL 4344698, at *10 (W.D. Pa. Sept. 30, 2024) (Haines, J.) (reduction from 44.9 hours to 16 hours appropriate where complaint with around 17 substantive pages similar to complaints filed in other cases and counsel experienced and skilled in area of litigation); *Gonzalez v. Bustleton Servs., Inc.*, No. 08-4703, 2010 WL 3282623, at *2 (E.D. Pa. Aug. 18, 2010) (for similar reasons, reducing from 6.7 hours to 4.5 hours).

Second, the Court declines to reduce the 12.3 hours Mr. Pepke's counsel spent responding to written discovery (15 interrogatories, 13 requests for production). Rather than boilerplate non-responses, Mr. Pepke's counsel provided detailed answers, including damages calculations, and referred Manor House to specific documents Mr. Pepke was producing.

Third, the Court will reduce the 32.7 hours spent preparing the motion for attorneys' fees and related submissions. "[T]he reasonableness of the hours expended upon the fee motion depends greatly upon the nature of the case, including the stage of litigation at which it is filed, the length of time the petition covers, and the complexity of the arguments therein[, as well as] . . . the success achieved" in both the litigation on the merits and the fee award. *Zablotney*, 2024 WL 4344698, at *12.

Several of these factors weigh against reducing the time spent on the fee motion. Mr. Pepke's counsel obtained a complete jury verdict in an employment-discrimination case premised on direct evidence. They also did a commendable job

with the fee petition itself—the motion, brief, and reply brief are thorough.[3] That said, the motion doesn't involve any novel or complex issues, and the Court is reducing the total amount of the award slightly to what it deems to be reasonable under these circumstances. Accordingly, the Court will reduce the time spent on the fee motion from 32.7 hours to 25 hours, for a total deduction of $3,080.00 (7.7 hours at $400/hour).[4]

*   *   *

Therefore, after careful consideration, it is hereby **ORDERED** that Mr. Pepke's motion for attorneys' fees (ECF 81) is **GRANTED** with certain reductions as set forth above. The Court awards the following: $198,870.00 in fees, and $10,617.22 in costs.

Date: December 6, 2024                                    BY THE COURT:

<u>/s/ *J. Nicholas Ranjan*</u>
United States District Judge

---

[3] Mr. Pepke doesn't seek to recover any time spent preparing the reply.

[4] The Court uses Attorney Gottesfeld's hourly rate because he was the main drafter of the motion.

**Appendix A**

| Attorney | Date | Description (paraphrased) | Hours Sought | Amount Recoverable |
|---|---|---|---|---|
| MG | 9/7/2023 | Update case management system | 0.2 | 0.1 |
| MG | 12/8/2023 | Update case management system | 0.2 | 0.1 |
| MG | 12/8/2023 | Review filing as docketed; arrange for service of process | 0.2 | 0.1 |
| MG | 1/2/2024 | Review filing as docketed | 0.1 | 0 |
| PW | 1/4/2024 | Draft and file entry of appearance; review filing as docketed | 0.2 | 0.1 |
| PW | 1/9/2024 | Email filings and order to client | 0.1 | 0 |
| PW | 1/9/2024 | Review filings and update case management system | 0.1 | 0 |
| PW | 1/22/2024 | Review filings and update case management system | 0.1 | 0 |
| MG | 2/5/2024 | Organize case management system | 0.3 | 0.1 |
| MG | 2/13/2024 | Review order; update case management system | 0.4 | 0.2 |
| MG | 3/4/2024 | Mailing to client | 0.3 | 0 |
| MG | 3/18/2024 | Review, organize, scan documents from client | 0.7 | 0.5 |
| MG | 4/3/2024 | Set up zoom with client; discussion with client | 0.8 | 0.7 |
| MG | 4/8/2024 | Organize case management system | 0.2 | 0.1 |
| MG | 4/15/2024 | Review mediator invoice | 0.1 | 0 |
| MG | 5/13/2024 | Pull and print documents for deposition | 2.0 | 1.8 |

| MG | 5/24/2024 | Organize case management system | 0.1 | 0 |
| MG | 6/10/2024 | Review orders; update case management system | 0.6 | 0.4 |
| PW | 6/10/2024 | Review orders; review case management system | 0.1 | 0 |
| MG | 6/14/2024 | Organize case management system | 0.1 | 0 |
| MG | 6/24/2024 | Organize documents; print and mail orders to client | 0.4 | 0.2 |
| MG | 8/30/2024 | Email order to client | 0.1 | 0 |
| MG | 9/19/2024 | Organize exhibits and transcripts; travel to Staples to print documents | 0.6 | 0.3 |
| MG | 9/23/2024 | Travel to Staples to pick up printed documents | 0.4 | 0 |
| MG | 9/24/2024 | Mail transcripts to client | 0.2 | 0 |
| MG | 9/27/2024 | Email stipulations to client | 0.1 | 0 |
| MG | 10/4/2024 | Organize and review exhibits; print documents for trial | 6.5 | 6.2 |
| PW | 10/11/2024 | Email with expert; review expert invoice; send check to expert | 0.2 | 0 |